# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 1 9 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ROLAND PERRY LOTT, | § | |
| No. 707339 | § | |
|      Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. B-00-010 |
| | § | |
| WAYNE SCOTT, ET. AL., | § | |
|      Defendant. | § | |

## DEFENDANTS SCOTT AND CORNYN'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

**NOW COME** Defendants Wayne Scott, Executive Director of the Texas Department of Criminal Justice, and John Cornyn, Attorney General for the State of Texas, by and through the Office of the Attorney General for the State of Texas, and submit this Original Answer and Jury Demand. In support thereof, the Defendants would respectfully offer the following:

### I.

1. Defendants admit that the Plaintiff is an inmate confined in the custody of the Texas Department of Criminal Justice, Institutional Division.

2. Defendant Scott admits that he was an employee of the Texas Department of Criminal Justice, Institutional Division, at all times relevant to the allegations in the Plaintiff's Complaint. Defendant Cornyn admits that he was an employee of the State of Texas at all times relevant to the allegations in the Plaintiff's Complaint.

3. Defendants admit that the Texas Department of Criminal Justice, Institutional Division, is an Agency of the State of Texas.

## II.

4.      Pursuant to Federal Rule of Civil Procedure 8(b), Defendants deny each and every allegation contained in the Plaintiff's Complaint except those expressly admitted herein.

## III.

5.      Plaintiff has not stated a claim upon which relief can be granted under 42 U.S.C. § 1983 or under any other statute, constitutional theory, or legal authority.

6.      Defendants admit that causes of action may be stated under certain circumstances pursuant to 42 U.S.C. § 1983, but deny that such circumstances are present in this case.

7.      Defendants assert that any claim premised upon the law of negligence will not support a claim of constitutional dimension under 42 U.S.C. § 1983.

8.      Defendants assert that any claim premised upon the doctrine of *respondeat superior* will not support a claim of a constitutional dimension under 42 U.S.C. § 1983.

9.      The Defendants assert that government officials acting in their official capacities are not "persons" within the meaning of 42 U.S.C. § 1983, and thus are not proper parties to a cause of action under said statute. Therefore, claims against these Defendants in their official capacities will not lie. Defendants request dismissal of the Plaintiff's claims under 42 U.S.C. § 1983 to the extent that they are brought against them in their official capacities.

## IV.

10.     Defendants deny that they acted separately or in concert to engage in illegal conduct to injure the Plaintiff.

11.     Defendants deny that Plaintiff was deprived of any right, privilege or immunity granted or secured by the Constitution and/or laws of the United States.

12. Defendants deny that the Plaintiff is entitled to injunctive, declaratory, or any other relief demanded in his complaint, and further deny that the Plaintiff is entitled to damages, attorney's fees, or costs in any amount whatsoever.

## V.

13. Defendants state that at all times relevant to the allegations against them they acted in good faith and with a reasonable belief that their acts were in compliance with the laws and Constitution of the United States and they hereby claim their entitlement to a qualified, good-faith immunity from suit.

14. Defendants hereby assert their Eleventh Amendment immunity to any claim for damages which may have been brought against them in their official capacities.

15. Defendants hereby assert their entitlement to official immunity to any claims brought against them under the Constitution and laws of the State of Texas.

16. Eleventh Amendment immunity and sovereign immunity bar all claims against Defendants in their official capacity.

## VI.

17. Defendants assert that attorney's fees are unavailable for any and all claims brought pursuant to the laws of the State of Texas.

18. Plaintiff has sued Defendants in their official capacity, which in actuality is a suit solely against the State. Absent express legislative or statutory authorization, neither the State of Texas nor any of its agencies is subject to suit under state law.

19. Defendants assert that the Plaintiff's amount of recovery, if any, under pendent state claims may be barred or limited by state law theories of comparative responsibility and/or

contribution. Therefore, Defendants assert their entitlement to the affirmative defenses of contributory and comparative negligence, illegality, assumption of the risk, and estoppel for any negligence claims asserted against them and any other pendent state claims to which these defenses apply.

20. Defendants deny Plaintiff has stated any actionable claims under the laws of the State of Texas, to include but not limited to the Texas Penal Code §§ 39.01, 39.02 and 39.021, the Texas Hazard Communication Act, and TDCJ-ID administrative policies

## VII.

21. Defendants allege that this suit is frivolous and without merit and that, as such, they are entitled to recover from Plaintiff the amount of any attorney's fees and costs incurred in defending this suit. Defendants seek recovery from Plaintiff such attorney's fees and costs expended by them in being required to defend this suit.

**WHEREFORE, PREMISES CONSIDERED**, Defendants Wayne Scott, Executive Director of the Texas Department of Criminal Justice, and John Cornyn, Attorney General for the State of Texas, urge this Court to deny Plaintiff any and all relief demanded in his Complaint and to grant such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    JOHN CORNYN
    Attorney General of Texas

    ANDY TAYLOR
    First Assistant Attorney General

    MICHAEL T. McCAUL
    Deputy Attorney General for Criminal Justice

PHILLIP E. MARRUS
Assistant Attorney General
Chief, Law Enforcement Defense Division


_____
LUIS A. REYES
Assistant Attorney General
Attorney-In-Charge
State Bar No. 90001831

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080
Fax No. (512) 495-9139

**ATTORNEYS FOR DEFENDANTS
SCOTT AND CORNYN**

## CERTIFICATE OF SERVICE

I, LUIS A. REYES, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendants Scott and Cornyn's Original Answer** has been served by placing same in the United States Mail on this 17th day of October, addressed to:

Roland Perry Lott - **Via Certified Mail No. 7000 060 0027 3915 2962**
TDCJ-ID #707339
Willacy County State Jail
1695 South Buffalo Drive
Raymondville, Texas   78580

_____
LUIS A. REYES
Assistant Attorney General