32

IN THE UNITE STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 0 9 2001

Michael N. Milby
Clerk of Court

ROLAND PERRY LOTT  §
    Petitioner     §
                   §
V.                 §  Civil Action No. B-00-010
                   §
David FORREST, WARDEN §
WILLACY STATE JAIL, §
(Wackenhut Corporation) §

## Petitioner Lotts Advisory to the Court

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Roland Lott, Inmate, Texas Department of Criminal Justice, and files this his Advisory to the Court without filing an appearance of Counsel.

### 1.
### Background and Advisory to the Court

This is a Civil Rights case brought by a Texas State Prisoner Roland Perry Lott under 42 U.S.C. §1983. On January 10, 2000, during a tele-conference then Chief of Classification L.D. Montgomery; learned specific details of a civil suit filed in November of 1999, by petitioner, for 2 accidents of which occurred on the Unit in April and July of 1999.

On January 13, 2000, Assistant Attorney General Ross Rayburn, spoke specifically with Warden Rodriguez at the Willacy Unit and was assured that the requisite affidavit and trust fund account information would be sent to the court.

On August 14, 2000, during an evidentiary hearing on an unrelated case the Wackenhut staff and administration still had not complied to the courts request.

On July 19, 2000, Petitioner was given a bogus major disciplinary case and found guilty on July 21, 2000 and locked up and shipped off of the unit on August 10, 2000.

I am saddened and depressed beyond comprehension that these "persons" would resort and conspire to such measure of retaliation.

Dr. J. Desai; Nurse F. Oether; Nurse Ximenez; Counselor Tomlinson; Warden D. Forrest; Asst. Warden Bravo; Asst. Warden Rodriguez; Major Sangster; Captain L.D. Montgomery; Lt. DelaRosa; Lt. Vela; Lt. Guerta; Laundry Supervisor O.B. Gonzales; and Corrections Officers Montalvo and J. Concha.

These same individuals soley or as a group have refused to transfer my commissary bag of personal property since July 19, 2000. On February 22, 2001, Warden Forrest had been instructed to present my property in court. He did not and was given two weeks to find said property. It has been 6 weeks now and I still have want for my possessions.

## II.

Civil Rights Statutes; Jurisdiction of 1871, 42 U.S.C. §1983 which provides: Every "person" who, under color of any statute, ordinance, regulation, custom, or usage of any state or territory, subjects, or causes to be subject, any citizen of the

United States or other person within the jurisdiction thereof to the deprivation of any Rights, Privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit is equity, or proper proceedings for redress.

## III.

If the Plantiff in a Civil Rights Action is a State Prisoner, and is actually seeking release from custody his action must be treated as a habeas corpus. 411 U.S. 475, 93 S. Ct. 1827, 36 L.Ed 439 (1973). When the Prisoner seeks both release from custody and money damages, the Civil Rights action for damages can go forward in Federal Court while the Prisoner is exhausting state remedies as to the Habeas Corpus issues. Wolff v. McDonell, 418 U.S. 539, 539, 554, 94 S. Ct. 2693, 2974, 41 L.Ed. 2nd 935, 950 (1974).14

## IV.

One requirement under the express terms of the Civil Right act is that the defendant must be a "Person" 42 U.S.C. §1983. An Analysis of the legislative history of the Civil Rights act of 1871 compels the conclusion that Congress <u>did</u> intend municipalities and other local government <u>units</u> to be included among those Persons to whom Section 1983 applies.

## V.

Under the Texas Department of Criminal Justice Comprehensive Health Care Plan and Retaliatory Punishment for suit. I find Wackenhut (Willacy State Jail) never ordered an informal hearing on the matter for an inmate who had never been in trouble before. Nor replied to a formal grievance submitted August 2, 2000, two days before the 15 day time limit.

IN Conclusion; I find that WACKENHUT (Persons) HAVE violated my I, V, VIII, IX, XIII and XIV. Amendments.

WHERE, PREMISES Considered, Petitioner respectfully request this Court find that said Advisory Satisfies the requirement of the Court.

Respectfully Submitted,

Roland Perry-Lott #707339

\* PRO Se \*

Terrell Unit

# CERTIFICAT OF SERVICE

I, ROLAND P. LOTT, Petitioner, do hereby certify that a true and correct copy of the above and forgoing Advisory to the Court has been served by placing same in the United States mail, on this the 2nd day of April 2001. Addressed to: DAVID FORREST, WARDEN WILLACY County State Jail (WACKENHUT CORPORATION) 1695 South Buffalo Drive, RAYMONDVille, Texas 78580.

Respectfully Submitted

Roland P. Lott #707339

Terrell Unit "Pro Se"