United States District Court
Southern District of Texas
FILED

APR 1 2 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROLAND PERRY LOTT,<br>**Plaintiff,** | § § § | |
| v. | § § | Civil Action No. B-00-010 |
| | § § | JURY |
| WAYNE SCOTT, ET AL.<br>**Defendant.** | § § | |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

COME NOW Defendants Wayne Scott and John Cornyn, by and through their attorney, the Attorney General of Texas, and file this Motion for Summary Judgment. In support thereof, Defendants respectfully offer the following:

**I.**

**STATEMENT OF THE CASE**

Plaintiff is an inmate confined within the Texas Department of Criminal Justice-Institutional Division. Defendant Scott is the Executive Director of the Texas Department of Criminal Justice. Defendant Cornyn is the Attorney General of the State of Texas. Pursuant to 42 U.S.C. § 1983, Plaintiff brings a host of complaints stemming from his confinement in the Wackenhut Willacy/Cameron County facility, including loss of property and improper medical treatment. Defendants have answered and asserted their entitlement to Eleventh Amendment and qualified immunities.

**II.**

**UNDISPUTED FACTS**

1. At all times relevant, Plaintiff was an inmate housed in the Wackenhut/Willacy

Cameron County facility.

## III.

## ISSUES OF LAW

1. Whether Defendants can be held liable for constitutional violations in the absence of an allegation of specific personal involvement. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).

2. Whether Defendants, in their official capacities, are entitled to Eleventh Amendment immunity. *Will v. Michigan Department of State Police,* 491 U.S. 58 (1989).

3. Whether Defendants, in their individual capacities, are entitled to qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1983).

## IV.

## MOTION FOR SUMMARY JUDGMENT

Defendants move for summary judgment as a matter of law pursuant to FED. R. CIV. P. 56 on the grounds that there is no genuine issue of material fact as to whether Defendants were personally involved in the constitutional violations alleged in Plaintiff's Original Petition.

## V.

## BRIEF IN SUPPORT

A.  **Summary Judgment Standard**

A motion for summary judgment is properly granted "if the pleadings, deposition, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348 (1986). Conclusory allegations or general

2

denials are insufficient to preclude summary judgment. *Id.*

The party seeking summary judgment "bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2554. "The burden on the moving party (for summary judgment) may be discharged by 'showing' - that is pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case." *Celotex*, at 2554. A defendant who moves for summary judgment may rely on the absence of evidence to support an essential element of the plaintiff's case. *International Ass'n of Machinists Aerospace Workers Lodge No. 2504 v. Intercontinental Mfg. Co.*, 812 F.2d 219, 222 (5th Cir. 1987). The nonmoving party "must [then] set forth specific facts showing there is a genuine issue for trial." *Anderson*, at 2510. The Court should not however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 3189 (1990).

B. **Personal Involvement Needed for Alleged Constitutional Violations.**

*1.   Standard*

"[P]ersonal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). To state a claim, Plaintiff must set forth facts illustrating each Defendant's participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). Without an allegation of personal involvement Defendants cannot be held liable. Accordingly, they are entitled to summary judgment as a matter of law.

*2.   Defendants Scott and Cornyn*

Conspicuously absent from Plaintiff's pleadings is any mention of personal involvement by

either Defendant Wayne Scott or Defendant John Cornyn in the events giving rise to Plaintiff's complaints. Plaintiff initially brought suit only over alleged lost property; at a *Spears* hearing, he received leave of the Court to amend his petition to include complaints regarding medical issues, reinstatement of back time, and reinstatement of trustee status. Plaintiff cannot articulate the barest involvement by Defendants Scott and Cornyn. Accordingly, Defendants are entitled to judgment as a matter of law.

C.  **Eleventh Amendment Immunity**

To the extent that Plaintiff brings claims against Defendants in their official capacities, such claims are barred for two reasons. First, neither a state nor a state official sued in his official capacity is a "person" for purposes of liability under 42 U.S.C. § 1983 for damages. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989).

Second, the Eleventh Amendment acts as a jurisdictional bar to suit against a state in federal court. *See e.g. Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Warnock v. Pecos County, Texas*, 88 F.3d 341, 343 (5th Cir. 1996). Because a suit brought against a state official in his official capacity is, in reality, asserted against the state itself, *Will*, 491 U.S. at 71, such suits are also barred by the Eleventh Amendment. *Howlett v. Rose*, 496 U.S. 356, 365-66 (1990). Although the Supreme Court has recognized exceptions to the rule of Eleventh Amendment immunity, those exceptions extend only to claims against state officials for prospective injunctive relief to prevent a continuing violation of federal law. *Green v. Mansour*, 474 U.S. 64, 68 (1985); *Edelman v. Jordan*, 415 U.S. 651, 666-68 (1974).

As compensation for the claimed constitutional violations in this case, Plaintiff seeks monetary and punitive damages against all Defendants. Defendants are entitled to summary judgment on all of Plaintiff's claims for damages against them in their official capacities.

4

### D.   Qualified Immunity

To the extent they are sued in their individual capacities, Defendants are protected by the doctrine of qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1983). "The doctrine of qualified immunity shields public officials like the respondents from damages actions unless their conduct was unreasonable in light of clearly established law." *Elder v. Holloway* 510 U.S. 510 (1994). In order to overcome this defense, Plaintiff must prove Defendants violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1983); *Anderson v. Creighton*, 483 U.S. 635, 641 (1987); *Bennett v. City of Grand Prairie*, 883 F.2d 400, 408 (5th Cir. 1989).

Significantly, it is Plaintiff's burden to overcome Defendants' qualified immunity. *Salas v. Carpenter,* 980 F.2d 299 (5th Cir. 1992); *Elliott v. Perez,* 751 F.2d 1472, 1476-79 (5th Cir. 1985). Plaintiff is held to heightened pleading standards and must allege with particularity all material facts establishing his right to recovery, including facts which negate the official's qualified immunity defense. *Jacquez v. Procunier,* 801 F.2d 789, 791 (5th Cir. 1986). Furthermore, he must do so by asserting something more than conclusory allegations. *Wicks v. Mississippi State Employment Services*, 41 F.3d 991 (5th Cir. 1995).

Importantly, the first hurdle Plaintiff must clear is to state a claim of constitutional dimension. *Siegert v. Gilley,* 111 S. Ct. 1789, 1793 (1991). As set out above, he does not surpass that obstacle. Plaintiff cannot provide evidence of personal involvement by Defendants Scott and Cornyn. Therefore, he has not overcome the Defendants' assertion of qualified immunity, as is his burden. Consequently, Defendants are entitled to summary judgment as a matter of law without further analysis of qualified immunity.

5

## VI.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants Scott and Cornyn respectfully pray that this Court grant their Motion for Summary Judgment, dismissing all claims against them in their official and individual capacities, and for such other and further relief as warranted.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

MICHAEL T. MCCAUL
Deputy Attorney General for Criminal Justice

PHILLIP E. MARRUS
Assistant Attorney General
Chief, Law Enforcement Defense Division

CARI G. BERNSTEIN
Assistant Attorney General
Attorney-In-Charge
State Bar No. 0079300
S.D. Bar No. 25427

P. O. Box 12548, Capitol Station
Austin, Texas 78711
Phone No. (512) 463-2080
Fax No.   (512) 495-9139

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I, CARI G. BERNSTEIN, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Motion for Summary Judgment** has been served by placing same in the United States Mail, postage prepaid, certified, return receipt requested on this 10th day of April, 2001, addressed to:

Roland Perry Lott
TDCJ ID Number 707339
TDCJ-ID Terrell Unit
12002 S. FM 350
Livingston, Texas 77351

via CM/RRR No. 7000 1670 0005 4941 5777

*[signature]*
CARI G. BERNSTEIN
Assistant Attorney General

PHILLIP E. MARRUS
Assistant Attorney General
Chief, Law Enforcement Defense Division

_____
CARI G. BERNSTEIN
Assistant Attorney General
Attorney-In-Charge
State Bar No. 0079300
S.D. Bar No. 25427

P. O. Box 12548, Capitol Station
Austin, Texas 78711
Phone No. (512) 463-2080
Fax No.   (512) 495-9139

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I, CARI G. BERNSTEIN, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Notice of Designation of New Attorney in Charge** has been served by placing same in the United States Mail, postage prepaid, certified, return receipt requested on this 10th day of April, 2001, addressed to:

Roland Perry Lott                via CM/RRR No. 7000 1670 0005 4941 5777
TDCJ ID Number 707339
TDCJ-ID Terrell Unit
12002 S. FM 350
Livingston, Texas 77351

_____
CARI G. BERNSTEIN
Assistant Attorney General

2