35

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ROLAND PERRY LOTT
Plaintiff.

v.

WAYNE SCOTT, et al.
Defendant.

Civil ACTION No. B-00-010
JURY

United States District Court
Southern District of Texas
FILED
APR 1 9 2001
Michael N. Milby
Clerk of Court

Plaintiff Response to Defendant's Motion for Summary Judgment

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

COME NOW Plaintiff Roland Lott, inmate, Texas Department of Criminal Justice, and file this response to Defendant's motion for Summary Judgment. In support thereof, Plaintiff respectfully offer the following:

## I.
## STATEMENT OF THE CASE

Plaintiff admits he is an inmate confined within the Texas Department of Criminal Justice. Cari Bernstein, Assistant Attorney General, states Plaintiff initially brought suit only over alleged lost property. I filed a 42 U.S.C. § 1983, civil rights complaint in November of 1999, for medical negligence, improper medical care and for reinstatement of 20 months, street time which was taken from me for the simple reason. I was reincarcerated for missing only two home visits. A "Technical Violation" and I had obeyed all city, county, state, and Federal law.

Wackenhut did not confiscate my personal property until Wednesday July 19, 2000. Records on file show this to be true and correct.

Plaintiff admits he was an inmate housed at the Wackenhut/Lillacy Cameron County facility from April 1999, until August 2000. In the original suit filed in November 1999. Plantiff ask for [$794,000] seven hundred and ninety four thousand dollars, for pain, suffering, mental anguish, slander, defamation of character, medical neglect, improper medical attention and incompetence on and by Health Administrator.

## II.

Texas Department of Criminal Justice Comprehensive Health Care Plan

1. **#117 Acess to Diagnostic Services:** "Written policy defined procedure require the outlining of acess to laboratory and diagnostic services utilized by facility providers." Page 103

2. **#119 Notification of Next of Kin:** Notification of inmates next of kin or legal guardian in case of serious illness, injury or death. Page 104

3. **#128 Training for emergency situations:** Guides the training of all personnel who work with inmates to respond properly to emergency situations. Page 124

4. **#130 Mental Illness:** Are to be trained to recognize signs of emotional disturbance. Page 128

Wackenhut did not utilizes any of the above AMA standards. In fact it is well known and documented that Wackenhut operates on a "Cut Cost" medical policy. As a direct result. Defendants Scott and Cornyn had at the [least] an extension of knowledge to include their "Participation" otherwise why was the (State) of Texas-TDCJ-ID. leasing inmate space from Wackenhut. The state legislators were aware. The media was aware. The tax paying public was aware. All inmates (are) aware. Are we to assume that Defendants Scott and Cornyn had no (specific personal involvement) and never signed any such contract with "Wackenhut"

THE State of Louisiana as of September 7, 2000 agreed to settle various lawsuits after the U.S. Department of Justice found "Wackenhut Corporation" guilty of brutalized treatment of Juveniles.

Former Louisiana Governor Edwin Edwards; Ex-Houston Mayor Fred Hofeinz; and Ex-TDCJ-executive Andrew Collins were all indicted in 2000, by a Federal Court on various charges. Defendant Cornyn brought charges against Ex-AG (Dan Morales) for dealings with the Tabacco industry.

### III.
### ISSUES OF LAW

Whether Defendants, in their official capacities, are entitled to Eleventh Amendment immunity and qualified immunity. The saying "No one is above the law" sound very American. How accurate is it?

Paula Corbin Jones v. Bill Clinton (1998) The Supreme Court Justices allowed Paula Corbin Jones Sexual Harassment suit to proceed which coincidentally happen while Clinton was still in office.

  A. Action under Color of State law: The defendants are only allowed a 20% Percent immunity. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 157 N. 5, S. Ct. 1729, 1734 N. 56 L. Ed 2d 185, 194 N.5 (1978) Stated: "The involvement of a state official ... ... plainly provides the state action essential to show a direct violation of Plaintiff Fourteenth Amendment.

  B. The defendant must be a Person [s]: One requirement under the express terms of the Civil Rights Act is that the defendant must be a person. 42 U.S.C. § 1983. The analysis of the legislative history of the Civil Rights Act of 1871 compels the conclusion that Congress [did] intend municipalities, and other local government units to be included among those [Persons] to whom Section 1983 applies.

C. Every person who, under color of any statute ordinance, regulation, custom, or usage, of any state or territory, subjects, or causes to be subject, any citizen of the United States or territory, subjects, or causes to be subject, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit is equity, or other proper proceeding for redress.

## IV
## Retaliation

On Wednesday July 19, 2000. [I] Plantiff was given a bogus major disciplinary infraction by Wackenhut. There forhand knowledge of the lawsuit brought against them was the sole purpose of the punishment which was handed down to me.

45 days no commissary; 45 days no visits; 45 days cell restriction. A demotion from from S3 to LC3 the lowest possible. They are not suppose to go more than 2 custody levels. I was dropped 4 levels. I had 770 days good time taken from me. 283 of those days were work time. A clear violation. Work time is how the state compensates inmates because [Texas] does not pay inmates for working. Defendant Scott should be aware of this.

All this was forwarded to Huntsville. They should have looked into the matter. An inmate who had never had a case before should have brought up suspicion. I have a very well established legal claim. Whenever you have a conflict between two valid competing interest — a court must, unless it just wants to flip a coin, balance the weight of those interest to decide which right is entitled to the most protection.

## V.
## Conclusion

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully pray that this Court deny Defendants motion for Summary Judgment.

Respectfully Submitted,

*Roland P. Lott*
"Pro Se"

# Certificate of Service

I, Roland P. Lott, Inmate, Texas Department of Criminal Justice, do hereby certify that a true and correct copy of the above and forgoing Plaintiff "Response" has been sent on the 16th day of April, 2001, addressed to:

Cari G. Bernstein
Assistant Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711

_Roland P. Lott_
"Pro Se"

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROLAND PERRY LOTT,<br>Plaintiff, | § § § | |
| v. | § § | Civil Action No. B-00-010 |
| WAYNE SCOTT, et al.<br>Defendant. | § § § | |

## ORDER

On this day a motion for Summary Judgment came before the Court for hearing. After considering the motion, Plaintiff request that said motion be denied.

It is therefore **ORDERED** that Defendants' Motion for Summary Judgment is **DENIED**.

**SIGNED** on this the ____ day of _____, 2001.

_____

JUDGE PRESIDING