IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE TEXAS

41

United States District Court
Southern District of Texas
FILED

MAY 2 1 2001

Michael N. Milby
Clerk of Court

ROLAND PERRY LOTT,
Plaintiff

V.

WAYNE SCOTT, et. al.,
WACKENHUT CORPORATION
Defendants

§
§
§
§
§
§
§
§
§

Civil Action No. B-00-010

JURY

## PLAINTIFF'S RESPONSE TO DEFENDANTS REQUEST TO SET FORTH FACTS

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

Comes now Plaintiff Roland Lott, Inmate, Texas Department of Criminal Justice, and file this response to Defendants request to set forth facts in support thereof, Plaintiff respectfully offer the following:

### I.
### HEART

Failure to provide medical care to a person in custody can arise to the level of a constitutional violation of the eight amendment under § 1983 only if that failure rises to the level of deliberate indifference to that persons serious medical need. U.S.C.A. 8th Amendment. 42 U.S.C.A. §1983 Maldonado V. Terhune 28 F2d 284.

In order to support a § 1983 claim for prisoners inadequate medical care, the inadequacy of the medical care must be evidenced by deliberate indifference to serious medical needs U.S.C.A. Constitutional eighth amendment. Estelle V. Gamble, 429. U.S. 97, 104-05, 97 S. Ct. 285 50 LEd. 2d. 251

Prisoners medical needs is serious for purposes of eighth Amendment deliberate indifference claim if it is one that has been diagnosed by a physician as requiring treatment. One that is so obvious that a lay person would easily recognize the necessity for doctors attention or where denial or delay causes an inmate to suffer a lifelong handicap or permanent loss. Pace V. Fauver 479 F. Supp. 456, 458 D. N. J. 1979 affd. 649 F. 2d 860 3d Cir (1981)

Medical needs may also be serious where denial or delay causes an inmate to suffer a life-long handicap or permanent loss. Mouth County Correctional Institution. Inmates v. Lanzaro 834 F.2d 326, 347 (3d Cir 1987) 486 U.S. 1006, 108 S. Ct. 1731, 100 L.Ed. 2d. 195 (1988)

Deliberate indifference to inmates medical needs as would violate eighth Amendment may only be found where there has been an unnecessary an wanton infliction of pain U.S.C.A. Eighth Amendment. See Estelle 429 U.S. at 104 S. Ct. 285

As a general rule, it is not required that latent health problems blossom into full fledged diseases before being considered serious for purposes of prisoners eighth Amendment deliberate indifference to medical needs 28 Key 13-14 at 290.

Deliberate indifference to serious medical need standards is in effect a two prong test requiring both that there be deliberate indifference on the part of prison officials and that the prisoners medical needs be serious in applying test, court should consider such factors as severity of medical problems, potential for harm if medical care is denied or delayed and whether any such harm actually resulted from lack of medical attention. See Inmates of Allegheny County Jail v. Pierce, 612 F.2d. 754, 762 (3d Cir 1979) and Manmouth County Correctional institute Inmate v. Lanzaro 834, F.2d. 326, 346, (3d Cir 1987)

Unreasonable risk of serious future harm Helling v. McKinney 113 S. Ct. 2475

Totality Rhodes v. Chapman 452 U.S. 337, 101 S. Ct. 2408 (1981) Requires court to look at the totality of conditions. 13th Amendment

Talley v. Stephens, 247 F. Supp. 683, 687 (E.D. Ark 1965) For prison officials to knowingly compel convicts to perform physical labor which is beyond their strength of which constitutes danger to their lives or health constitutes an infliction of cruel and unusual punishment prohibited by the eighth Amendment U.S.C.A. 42 U.S.C.A. §1983

Under certain circumstances deliberate indifference may be shown when prison officials deny inmates treatment recommended by medical professionals (specialist) custody and control of prisoners 1988 Tex. 42 U.S.C.A. 1983 Payn v. Lynaugh 843 F.2d. 177 Estelle v. Gamble 97 S. Ct. 285, 429, 554 F. 2d. 653.

The legal conclusion of deliberate indifference must rest on facts clearly evincing wanton actions on the part of the defendants. Johnson, 759 F. 2d. at 1238. Ramos v. Lamm 639 F.2d. 559. (1980)

## II.
## BACK

Deliberate indifference to inmates health need, required to establish eighth amendment violations, may be shown by proving repeated examples on negligent acts which disclose pattern of conduct by prison medical staff or by proving there are such systematic and gross deficiencies in staffing facilities, equipment or procedure that inmate population is effected.

When prison authorities prevent an inmate from receiving recommended treatment for serious medical need or deny access to a physician capable of evaluating the need for such treatment, the constitutional standard of Estelle has been violated. West v. Keve supra, 571 F.2d. AT 162.

In Battle v. Anderson, supra, 564, F. 2d. at 393, is intended to protect and safeguard a prison inmate from an environment where degeneration is probable and self improvement unlikely because of the conditions existing which inflict needless suffering wheather physical or mental. He is entitled to be confined in an environment which does not result in his degeneration or which threatens his physical and mental wellbeing. ID 401, 403

Deliberate indifference to prisoner medical need, required to show that jail officials violated prisoners due process rights, is more than negligence; however when supervisory official is placed on actual notice of prisoner need for medical care, administration negligence can rise to level of deliberate indifference to or reckless disregard for that prisoners safety. Amend 14 USCA § 1983, 8th

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiff Lott respectfully pray that this court grant any and all relief demanded and further relief as the court deems just and proper.

Respectfully Submitted,

Roland Perry Lott
Terrell Unit
Livingston, Texas
77351

# CERTIFICATE OF SERVICE

I, Roland P. Lott, Inmate, Texas Department of Criminal Justice, do hereby certify that a true and correct copy of the above and foregoing Plaintiff's response to Defendants request to set forth facts, has been served by placing same in the United States mail on this 16th day of May, 2001, addressed to:

Carig. Bernstein
Assistant Attorney General
Attorney-In-Charge
P.O. Box 12548, Capitol Station
Austin, Texas 78711