IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROLAND PERRY LOTT, Plaintiff | § § § § § § § § | |
| V. | | Civil ACTION NO. B-00-010 JURY |
| WAYNE SCOTT, et. al., Defendant. | | |

DEFENDANTS SCOTT and CORNYN PREVIOUS KNOWLEDGE OF EXISTING MEDICAL CONDITION

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

COMES NOW, Plaintiff Roland P. Lott, inmate, Texas Department of Criminal Justice, and files this motion entitled defendants Scott and CORNYNS' Previous Knowledge of existing medical condition. In support thereof, Plaintiff respectfully offer the following:

I.

Plaintiff "Lotts" revocation hearing report dated 01-19- and disposition dated 1-25-99. IV. ADJUSTMENT PHASE

A. Plaintiffs civil rights were violated when supervising parole officer Wanda S. Carroll of Victoria, Texas admitted as evidence that Plaintiff was a violent offender. (Certificate of Administrative release) indicates that Plaintiff never was.

B. Shows an array of existing medical conditions that Plaintiff has endured for many years. Wheather directly or indirectly it clearly shows a predefined pattern of the executives of the Texas Department of Criminal Justice and the Board of Pardons and Paroles who do not exercise precise commitment and attentiveness

of the inmates incarcerated within their state prison system allowing subordinates to actually personate in their stead.

## II.
## Conclusion

WHEREFORE, PREMISES CONSIDERED, Plaintiff Lott respectfully pray that this court grant any and all relief requested

Roland P. Lott #70735
8J-63
Terrell Unit
12002 S. FM 350
Livingston, Texas
77351

# Certificate of Service

I, Roland P. Lott, inmate, Texas Department of Criminal Justice, do hereby certify that a true and correct copy of the above and forgoing Previous Knowledge of existing medical condition has been served by placing a copy of same in the United States mail on this 13th day of June, 2001, addressed to:

    Cari G. Bernstein
    Attorney-in-Charge
    P.O. Box 12548, Capitol Station
    Austin, Texas
    78711

_____
Roland P. Lott
8J-63
Terrell Unit
12002 S. FM 350
Livingston, Texas
77351

No. B-00-010
Civil Action



# BOARD OF PARDONS AND PAROLES

## REVOCATION HEARING REPORT

Date: <u>01-19-99</u>

**I. IDENTIFICATION:**

Name: <u>LOTT, ROLAND PERRY</u>   TDCJ#: <u>707339</u>

Home Address: <u>BEXAR COUNTY JAIL</u>

City: <u>SAN ANTONIO</u>   County: <u>BEXAR</u>   TX   Zip Code: <u>78207</u>

The purpose of the hearing was to determine if adequate grounds exist to find that the above named releasee violated the conditions of release as per the attached charging instrument and the hearing report processing sheet that is affixed to the front of this report.

A. The following were Hearing Participants:

| Name | Address | Title/Position |
|---|---|---|
| LOTT, Roland Perry | SAME AS ABOVE | RELEASEE |
| GARCIA, Frederick P. | 1507 Fredericksburg Rd.<br>San Antonio, TX 78205<br>Phone: (210) 737-0909 | ATTORNEY<br>Appointed |
| RAMIREZ, Carla | San Antonio I District Parole Office<br>321 Center Street<br>San Antonio, Texas 78202<br>Phone: (210) 225-2668 | PAROLE OFFICER<br>Supervising |
| MALDONADO, Edna C. | San Antonio III – Hearing Section<br>410 S. Main, Ste. #300<br>San Antonio, TX 78204<br>Phone: (210) 212-5000 | HEARING OFFICER |

B. Listing of Witnesses and Observers:

| Name | Title/Position/Relationship | Witness<br>Adverse / Friendly |
|---|---|---|
| NONE | | |
| | | |
| | | |

HS-104 (R 04-98)   Page 1 of 7

Name:     LOTT, Roland Perry                    Administrative Release Hearing Report
TDCJ No.: 707339

**II.  NOTATION AS TO CONDUCT OF A PRELIMINARY HEARING:**

A preliminary hearing was not held in this case.  The Preliminary Hearing Report is attached, if applicable.

**III. PRELIMINARY MATTERS AND EVIDENTIARY PHASE:**

A.  The purpose of the hearing and its implications were explained to the releasee who voiced an understanding of the rights and elected to continue with the hearing.

B.  All persons who participated in the hearing were sworn to tell the truth by the hearing officer.

C.  The Rule was not invoked.

D.  There was not a challenge to the neutrality of the hearing officer.

E.  Rights of the Releasee:

Rights were read and reviewed with the releasee, who voiced an understanding of same.

F.  Amendments and Additions to the Allegations listed on the Charging Instrument:   None.

G.  Other Preliminary Matters:   As follows:

All allegations were combined for evidentiary presentation.  NO OBJECTION.

H.  Additional Information and Status of Criminal Law Charges:   None.

I.  Motions and Objections / Rulings and Determinations made during the Hearing:   As follows:

OBJECTION by COUNSEL to EXHIBIT B (Report of Violation) on the bases of hearsay; said document is unsigned and unsworned; and said document is not acceptable or admissible.  OBJECTION OVERRULED, EXHIBIT B ACCEPTED.

OBJECTION by COUNSEL to EXHIBIT D (Affidavit Sworn by Wanda S. CARROLL) on the bases that said document does not meet requirements for a business affidavit; said document is based on hearsay; and said document was not provided to RELEASEE in order to be able to respond.

- Testimony of Parole Officer Carla RAMIREZ:  She did not physically receive said document until 01-04-99 after the hearing.  However, it was not provided to RELEASEE until today.

HS-104 (R 04-98)                                                                                   Page 2 of 7

Name:     LOTT, Roland Perry                    Administrative Release Hearing Report
TDCJ No.: 707339

- COUNSEL requested that he be able to consult with RELEASEE regarding said document. COUNSEL did not want to request a continuance. RELEASEE and COUNSEL were given the opportunity to review said document for a few minutes.

OBJECTION OVERRULED, EXHIBIT D ACCEPTED.

OBJECTION by COUNSEL to testimony of Parole Officer Carla RAMIREZ in that she provided hearsay testimony of supervising Parole Officer Wanda S. CARROLL. OBJECTION OVERRULED.

J. The following documents were taken into evidence as exhibits and marked as follows:

### STATE'S EXHIBITS

A. Certificate of Administrative Release (3 pages)
B. Report of Violation dated 07-17-97 (6 pages)
C. HS-141 Continuance Form dated 01-04-99 (1 page)
D. Affidavit Sworn by Wanda S. CARROLL dated 12-30-98 (1 page)

### **DEFENSE EXHIBIT**

1. Letter From RELEASEE dated 01-15-99 (1 page)

IV. **ADJUSTMENT PHASE:**

A. Parole Officer: Introduced EXHIBIT B and presented the following:

Testimony of Parole Officer Carla RAMIREZ: This is RELEASEE'S first warrant. Since she has not received any information from the medical department, RELEASEE is eligible for placement in either an Intermediate Sanction Facility (ISF) or a Substance Abuse Felony Punishment Facility (SAFP-F). EXHIBIT B (Report of Violation) indicates RELEASEE is on the Violent Offender Program. However, EXHIBIT A (Certificate of Administrative Release) does not indicate this. The Violent Offender Program status is questionable at this time.

B. Releasee: As follows:

Testimony of RELEASEE: He plans to marry to Judith CAYBERY. They attend church together. He worked as often as he could while on parole. He has skills in construction, tinting, furniture labor, and mail processing. During his incarceration, he did not receive any disciplinary cases. He has never used an alias name. A social worker at SAMM'S Shelter helped him receive supplemental income. In 1995, he was approved for disability benefits, but they were terminated due to being incarcerated. He sees a doctor,

Name:       LOTT, Roland Perry                Administrative Release Hearing Report
TDCJ No.:   707339

cardiologist, and radiologist. He suffers from rheumatic fever, a heart murmur, hypertension, and lower lumbar problems. He is currently on medication. He has not had any surgeries. He has been advised that he will need angioplasty in the future. He hopes the Board will allow him to be a productive citizen in society. He has not been in any trouble. He has not had any arrests. Upon release, he plans to work with Gray Construction Company. If continued on supervision, he plans to reside in a shelter at this time. On 12-22-98, the warrant was executed when he was given a ride by an acquaintance. The person ran a red light and was stopped. When the officer checked his name, the warrant was executed. He did not resist the police officer.

C. Placement Plan, if supervision is continued:

Name and Relationship:   Halfway House
Street Address:
City, County, State:
Telephone number:
Plan is not verified.

V.   **HEARING OFFICER'S COMMENTS:** As follows:

Regarding the allegation under Rule #1 (Failure to Remain Home For Scheduled Home Visit, 07-14-97), a finding was not found. I felt sufficient evidence was not presented to show that RELEASEE violated this condition. There is no record or evidence that Parole Officer Wanda S. CARROLL instructed RELEASEE to remain home for a scheduled home visit on 07-14-97. EXHIBIT D (Affidavit Sworn by Wanda S. CARROLL) just indicates the parole officer returned to the residence to attempt an additional effort to make contact with RELEASEE. RELEASEE denied the allegation.

Regarding the allegation under Rule #8-S (Failure to Submit to Substance Abuse Treatment Program, 05-01-97), a finding was not found. I felt sufficient evidence was not presented to show that RELEASEE violated this condition. There is no record or evidence that Parole Officer Wanda S. CARROLL instructed RELEASEE when and where he had to attend such meetings. RELEASEE denied the allegation.

VI.  **HEARING OFFICER'S FACT FINDINGS AND CONCLUSIONS OF LAW:**

EVIDENCE STANDARD:  Preponderance

A.  I find from Exhibit A the releasee is under the authority of the Pardons and Paroles Division and is subject to and knowledgeable of the rules and conditions of his/her administrative release status.

Name:   LOTT, Roland Perry                    Administrative Release Hearing Report
TDCJ No.:   707339

B. Regarding the allegations under Rules #1 (Failure to Remain Home For Scheduled Home Visit, 06-09-97), #1 (Failure to Remain Home For Scheduled Home Visit, 06-16-97), #1 (Failure to Remain Home For Scheduled Home Visit, 07-14-97), and #8-S (Failure to Submit to Substance Abuse Treatment Program, 05-01-97) combined, I find:



- On 05-23-97, RELEASEE was instructed and did understand that the terms and conditions of his administrative release status required him to remain home for scheduled home visits; however, he failed to comply on or about 06-09-97 and again on or about 06-16-97.

- The evidence presented was insufficient, however, to establish that RELEASEE, on or about 07-14-97, at or about 123 Mesquite, Beeville, Texas, failed to remain home for a scheduled home visit.

- On 05-01-97, RELEASEE was instructed and did understand that the terms and conditions of his administrative release status required him to submit to a substance abuse treatment program by attending Alcoholics Anonymous (AA) meetings; however, the evidence presented was insufficient to establish that he failed to comply since 05-01-97.

In arriving at these findings of fact, I considered the following:

- EXHIBIT B (Report of Violation).

- EXHIBIT C (HS-141 Continuance Form).

- EXHIBIT D (Affidavit Sworn by Wanda S. CARROLL).

- Testimony of Parole Officer Carla RAMIREZ: Since she is the agent parole officer, she does not have any chronological records regarding the allegations. She does not have any further information or documents to substantiate the allegation under Rule #8-S. Parole Officer WANDA S. CARROLL was not requested to be here.

- **Testimony of RELEASEE: Parole Officer Wanda S. CARROLL was not present during the scheduled home visit on 05-23-97. She could have scheduled the home visits at her office.

**RELEASEE declined further testimony.

CONCLUSIONS:

- RELEASEE did violate Rule #1 (Failure to Remain Home For Scheduled Home Visit, 06-09-97) as alleged.

Name:       LOTT, Roland Perry                    Administrative Release Hearing Report
TDCJ No.:   707339

- RELEASEE did violate Rule #1 (Failure to Remain Home For Scheduled Home Visit, 06-16-97) as alleged.

- RELEASEE did not violate Rule #1 (Failure to Remain Home For Scheduled Home Visit, 07-14-97) as alleged.

- RELEASEE did not violate Rule #8-S (Failure to Submit to Substance Abuse Treatment Program, 05-01-97) as alleged.

HS-104 (R 04-98)                                                      Page 6 of 7

Name:      LOTT, Roland Perry                Administrative Release Hearing Report
TDCJ No.:  707339

## VII.  RECOMMENDATIONS:

A.  <u>FIELD OFFICER'S RECOMMENDATION</u>:
   ( ) Proceed To A Revocation Hearing
   ( ) Transfer To A Secure Facility
   (X) Revoke
   ( ) Non-Revocation Action (withdraw pre-revocation warrant, if any):
       ( ) Allow Releasee to Discharge
       ( ) Pending Adjudication of Charges
       ( ) Continue Supervision under Same / Modified Conditions.
           Modifications:
   ( ) Return to Sending State
   ( ) No Recommendation Made. Reason:

B.  <u>HEARING OFFICER'S RECOMMENDATION</u>:
   ( ) Proceed To A Revocation Hearing
   (X) Transfer To A Secure Facility
   ( ) Revoke
   ( ) Non-Revocation Action (withdraw pre-revocation warrant, if any):
       ( ) Allow Releasee to Discharge
       ( ) Pending Adjudication of Charges
       ( ) Continue Supervision under Same / Modified Conditions.
           Modifications:
   ( ) Return to Sending State
   ( ) No Recommendation Made. Reason:

## VIII.  ATTACHMENTS (as applicable): Exhibits in Section III. J., 1 Cassette Tape of the Hearing, PSV-48 Charging Instrument, (1) Fee Affidavit Form, (0) Return Copy of Subpoenas, and Attorney Determination Form.

Submitted by,

*Edna C. Maldonado*

EDNA C. MALDONADO
Hearing Officer

ECM:mcp
Date turned in for Typing: 01-19-99
Date Typing Completed: 01-20-99

DIST:  Central Hearing Section                        RELEASEE/Same as above
       Hearing Officer/E.C. MALDONADO/San Antonio III
       Supervising Officer/W. CARROLL/Victoria DPO
       Agent Officer/C. RAMIREZ/San Antonio I
       Attorney/F. GARCIA/1507 Fredericksburg Rd., San Antonio, TX  78205

HS-104 (R 04-98)                                                Page 7 of 7