IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 0 6 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ROLAND PERRY LOTT, Petitioner, | § |
| V. | § CIVIL ACTION NO. B-00-010 |
| WAYNE SCOTT, Executive Director Texas Department of Criminal Justice, Institutional Division, et al, JOHN CORNYN, Texas Attorney General., & DAVID FORREST, Senior Warden, Wackenhut Corporation | § |

### PETITIONER LOTT'S NOTIFICATION TO THE COURT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Roland Lott, Petitioner, Institutional Division, Texas Department of Criminal Justice, ("PRO SE"), and files this additional Notification to the Court, in support thereof, Petitioner respectfully offers the following:

### I.

A. Petitioner is an inmate confined within the Texas Department of Criminal Justice - Institutional Division, Petitioner admits that he has a valid claim for a host of complaints stemming from his incarceration within the Wackenhut Corporation and now the Institutional division - of the Texas Department of Criminal (Division) Justice.

1.

Petitioner is not an academically trained lawyer, nor expertly skilled in the Judicial system. Through a succession of motions and explanations hopefully some degree of understanding will be attained and reached.

Petitioner knows that many times the scales of Justice lay in balance (and even though the evidence is there) the burden is upon the Petitioner, to show and prove the clear and necessary facts.

The Chief of Classification promptly responded to the I-60, the sameday. On 8-1-01, during a medical interview. A unit LVN, confirmed that even though an Orthopedic Specialist, at the University of Texas Medical Branch, in Galveston, made this a number one priority. The TDCJ-ID, chose not to adhere to placing you upon the 3rd row.

It clearly constitutes cruel and unusual punishment.

## II.

**B.** A response to a recent letter which I wrote to the Court of Criminal Appeals, along with an in forma Pauperis statement requesting of the Court Clerk. Anything relevant pertaining to the September 17, 1997, denial I received from the Court.

## III.

**C-1** A letter dated April 24, 2001, telling the Petitioner would be eligible for review July 19, 2001, with a clear Major disciplinary record.

**C-2** A letter dated May 3, 2001. Stating Petitioner would receive only those good conduct time awards provided by statutes for a certain period of time. It doesn't state how much time. It doesn't state why 283 working day were taken from the Petitioner.

2.

concerning working days. Petitioner has brought this to the administrations attention on 5 different occasions through a written process. It has never been answered.

These and such things occur within the system when an individual person does not have an outside voice speaking on their behalf.

3

# VI.
# CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiff Lott respectfully prays that this Court grant all claims against the defendants in their official and individual capacities, and for such other and further relief as warranted.

Respectfully Submitted,

Roland Perry-Lott #707339
CY-22    "Pro Se"
Terrell/Polunsky Unit
12002 S. FM 350
Livingston, Texas
77351

# CERTIFICATE OF SERVICE

I, ROLAND P. Lott, PRO SE, inmate, do hereby certify that a true and correct copy of the above and forgoing Notification to the Court has been served by placing same in the United States mail, on this 2nd day of August, 2001, addressed to:

Respectfully,

Roland P. Lott #707339
CI-22  "PRO SE"
Terrell/Polunsky
12002 S. FM 350
Livingston, Texas
77351

Cari G. Bernstein
 Assistant Attorney General
 Attorney-in-charge
 P.O. Box 12548
 Capitol Station
 Austin, Texas
 78711

**I: 8-2-01**   Civil Action No. B-00-010

# Texas Department of Criminal Justice
## Institutional Division
### Inter-Office Communications

| | | | | |
|---|---|---|---|---|
| To: | Roland Lott, TDCJ-ID# 707339   Terrell   54 | | Date: | April 24, 2001 |
| From: | CHARLEY VALDEZ, *w* Administrative Assistant to the State Classification Committee | | Subject: | |

Your correspondence has been reviewed by the Bureau of Classification.

You will need your unit classification committee's recommendation to be considered for promotion from disciplinary status.

I suggest you contact your unit chief of classification with your request.

CV/dw

---

eligible for review 7/19/01 with a clear major discp

Chart below:

Positive ← | Negative →

*Roland P. Lott*
4-28-01

After being a Line 3 for one whole year, I was promoted to Line Class 1, by our unit warden, on Thursday July 26, 2001. The warden acknowledged that I had this one single case that initially prevented my release day as planned in 2000. When asked, "What unit this happened on," I replied Wackenhut. He just shook his head, silently, as to confirm no wonder. However, Line 1 is two classes lower than I was before Wackenhut did... what they did to me

| Sat-1 | Sat-2 | Sat-3 | Sat-4 | Line 1 | Line 2 | Line 3 |
|---|---|---|---|---|---|---|
| | | 9-10-99 | | 7-26-01 | | 7-21-00 |

**B: 8-2-01**

Civil Action No. B-00-010



SHARON KELLER
PRESIDING JUDGE

LAWRENCE E. MEYERS
TOM PRICE
SUE HOLLAND
PAUL WOMACK
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
CHARLES R. HOLCOMB
  JUDGES

# COURT OF CRIMINAL APPEALS
## STATE OF TEXAS

P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

TROY C. BENNETT, JR.
CLERK
512 463-1551

RICHARD E. WETZEL
GENERAL COUNSEL
512 463-1600

DATE:_____

Dear Mr./Ms._____;   RE:_____

Your letter has been received. Please be advised:

____ Your application for habeas corpus relief must be filed in the trial court.

____ Motions for Rehearing from denials of habeas corpus relief are not authorized under Tex.R.App.Pro. 79.2(d)

✓ The Court of Criminal Appeals does not provide copies of any records for free. Our charge is $1.00 per page payable in advance with the money order being made out to Clerk, Court of Criminal Appeals. Copies may be obtained cheaper through the State Law Library. Please contact that agency for assistance.

____ Your records will not be returned to you because once records are received in this Court they become the permanent records of this Court.

____ Your application for writ of habeas corpus has been received. The status is:

  ___ Pending. You will be notified when a decision is reached.

  ___ Denied. The application was denied with/without written order on _____.

  ___ Dismissed as a subsequent application on _____.

  ___ Other: _____.

Sincerely,

*Troy C. Bennett, Jr.*
Troy C. Bennett, Jr., Clerk

SUPREME COURT BUILDING, 201 WEST 14TH STREET, ROOM 106, AUSTIN, TEXAS 78701
WEBSITE WWW.CCA.COURTS.STATE.TX.US

*C-2: 8-2-01*

**Texas Department of Criminal Justice**
**Institutional Division**
Inter-Office Communications

*Civil Action No. B-00-010*

| | | | |
|---|---|---|---|
| To: | Roland Lott,<br>TDCJ-ID# 707339  Terrell  054 | Date: | May 3, 2001 |
| From: | CHARLEY VALDEZ,  *w*<br>Administrative Assistant<br>State Classification Committee | Subject: | |

Your correspondence has been reviewed by the Bureau of Classification.

The Board of Criminal Justice has determined that any good time lost through major disciplinary action cannot be restored.   Should there ever be any change in this policy the inmate population will be advised.

Inmates who are reduced to the time earning categories of Line Class II or Line Class III due to major disciplinary convictions shall be ineligible for full backdate benefits upon promotion in time earning category.  They shall suffer permanent loss of good conduct time credits not earned during those periods of time.  Those inmates shall receive only those good conduct time awards provided by statutes for the period of time spent in Line Class II or III.

CV/kmw

"The Second Paragraph. The first two sentences state's an inmate shall be ineligible for full backdate benefits upon in time earning category.
The 3rd sentence however, somewhat contradictory! Does not explain the statement to the fullest. In light of the circumstances, I feel that the United States District Court. Can and should grant me a total and unconditional release from the bond of the State of Texas.
Further! Even the classification members present at my promotion discussed among themselves, and questioned why? I was still locked up with 5 plus, flat years, on a non-violent, non-aggravated sentence which is pre-September 1, 1996."

August 2, 2001

THE Honorable Michael N. Milby, Clerk
United States District Court
Southern District of Texas
Brownsville Division
600 East Harrision Street
Brownsville, Texas 78520

Re: Roland Perry Lott v. Wayne Scott, et al.
Civil Action No. B-00-010

Dear Mr. Milby

Enclosed please find the original inmate request to official and plaintiff's notification to the Court that on August 1, 2001, Gary L. Johnson, replaced Wayne Scott, as the executive of "directions" for the Texas Department of Criminal Justice - Institutional Division, to be filed among the papers in the above-referenced cause.

Please indicate the date of filing. Please forward a copy of this instrument to Cari G. Bernstein, attorney-in-charge P.O. Box 12548, Capitol Station, Austin, Texas 78711.

The Terrell Unit, will soon officially undergo a name change and be known as the "Polunsky" Unit.

Thank you greatly.

Sincerely,

Roland Perry-Lott #707339
C1-22            "Pro Se"
12002 S. FM350
Livingston, Texas
           77351