60

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAR 0 8 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| ROLAND PERRY LOTT, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-010 |
| | § | |
| WAYNE SCOTT, ET AL., | § | |
| Defendants. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

Plaintiff is an inmate confined within the Texas Department of Criminal Justice–Institutional Division. Defendant Scott is the Executive Director of the Texas Department of Criminal Justice. Defendant Cornyn is the Attorney General of the State of Texas. Pursuant to 42 U.S.C. § 1983, Plaintiff brings a plethora of complaints which stem from his confinement in the Wackenhut Willacy/Cameron County facility, including loss of property and improper medical treatment. Specifically, Plaintiff's claims arise from a slip and fall that allegedly took place at the Wackenhut Unit. Lott asserts that the "serious accident" was followed up by inadequate medical treatment and a host of improper actions by prison authorities. Defendants have answered and asserted their entitlement to Eleventh Amendment and qualified immunities. Defendants have also filed a motion for summary judgment in the case.

### ANALYSIS

#### *Summary Judgment Standard*

A motion for summary judgment is properly granted "if the pleadings, deposition, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

1

there is not genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] Conclusory allegations or general denials are insufficient to preclude summary judgment.[2]

The party seeking summary judgment "bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories and admissions of file, together with the affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact."[3] "The burden on the moving party (for summary judgment) may be discharged by 'showing,' that is pointing out to the district court, that there is an absence of evidence to support the nonmoving party's case."[4] A defendant who moves for summary judgment may rely on the absence of evidence to support an essential element of the plaintiff's case.[5] The nonmoving party "must [then] set forth specific facts showing there is a genuine issue for trial."[6] The Court should not however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.[7]

---

[1] FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505 (1986); Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348 (1986).

[2] Id.

[3] Celotex, 477 U.S. at 323, 106 S.Ct. at 2554.

[4] Id.

[5] See International Ass'n of Machinists Aerospace Workers Lodge No. 2504 v. Intercontinental Mfg. Co., 812 F.2d 219, 222 (5th Cir. 1987).

[6] Anderson, 106 S.Ct. at 2510.

[7] See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 3189 (1990).

### *Personal Involvement Needed for Alleged Constitutional Violations*

"[P]ersonal involvement is an essential element of a civil rights cause of action."[8] To state a claim, Plaintiff must set forth facts illustrating each Defendant's participation in the alleged wrong.[9] Without an allegation of personal involvement, Defendants cannot be held liable. Accordingly, they are entitled to summary judgment as a matter of law.

Absent from Plaintiff's original pleadings is any mention of personal involvement by either Defendant Wayne Scott or Defendant John Cornyn in the events giving rise to Plaintiff's complaints. In Plaintiff's Response to Defendant's Motion for Summary Judgment (Docket #35), he attempts to prove personal involvement of all the individuals he named in the lawsuit. However, Plaintiff's assumption that Defendant's Scott and Cornyn were parties to a contract with Wackenhut, and Plaintiff's claim that Defendant's "should be aware" of his loss of good time is insufficient to establish liability for either Scott or Cornyn for a constitutional violation. Plaintiff's conclusory allegations are insufficient to overcome Scott and Cornyn's entitlement to qualified immunity.

### *Eleventh Amendment Immunity*

To the extent that Plaintiff brings claims against Defendants in their official capacities, such claims are barred for two reasons. First, neither a state nor a state official sued in his official capacity is a "person" for purposes of liability under 42 U.S.C. § 1983 for damages.[10]

---

[8] See <u>Thompson v. Steele</u>, 709 F.2d 381, 382 (5th Cir. 1983).

[9] See <u>Jacquez v. Procunier</u>, 801 F.2d 789, 793 (5th Cir. 1986).

[10] <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58 (1989).

3

Second, the Eleventh Amendment acts as a jurisdictional bar to suit against a state in federal court.[11] Because a suit brought against a state official in his official capacity is, in reality, asserted against the state itself,[12] such suits are also barred by the Eleventh Amendment.[13] Although the Supreme Court has recognized exceptions to the rule of Eleventh Amendment immunity, those exceptions extend only to claims against state officials for prospective injunctive relief to prevent a continuing violation of federal law.[14]

As compensation for the claimed constitutional violations in this case, Plaintiff seeks monetary and punitive damages against all Defendants. Defendants are entitled to summary judgment on all of Plaintiff's claims for damages against them in their official capacities.

### *Qualified Immunity*

To the extent they are sued in their individual capacities, Defendants are protected by the doctrine of qualified immunity.[15] "The doctrine of qualified immunity shields public officials like the respondents from damages actions unless their conduct was unreasonable in light of clearly established law."[16] In order to overcome this defense, Plaintiff Lott must prove that the

---

[11] See e.g. Pennhurst State School and Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Warnock v. Pecos County, Texas, 88 F.3d 341, 343 (5th Cir. 1996).

[12] See Will, 491 U.S. at 71.

[13] See Howlett v. Rose, 496 U.S. 356, 365-66 (1990).

[14] See Green v. Mansour, 474 U.S. 64, 68 (1985); Edelman v. Jordan, 415 U.S. 651, 666-68 (1974).

[15] See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1983).

[16] Elder v. Holloway, 510 U.S. 510, 512 (1994).

4

Defendants violated "clearly established statutory or constitutional rights of which a reasonable person would have known."[17]

It is the Plaintiff's burden to overcome the Defendant's qualified immunity.[18] Plaintiff Lott is held to a heightened pleading standard and must allege with particularity all material facts establishing his right to recovery, including facts which negate the official's qualified immunity defense.[19] Furthermore, he must do so by asserting something more than conclusory allegations.[20]

Most importantly, the first hurdle that Plaintiff must clear is to state a claim of constitutional dimension.[21] Plaintiff Lott has failed to do so in his original complaint or any other pleadings he has filed over the course of this action. Lott can not provide evidence of personal involvement by Defendants Scott and Cornyn. Therefore, he has not overcome the Defendants' assertion of qualified immunity, as is his burden. Consequently, Defendants are entitled to summary judgment as a matter of law.

Additionally, Plaintiff Lott is no longer incarcerated in the Wackenhut Unit, so he faces serious standing issues as well. In the past year, however, Plaintiff has filed motions for magnetic resonance imaging, supplied various medical, land, and general advisories to the court,

---

[17] See Harlow, 457 U.S. at 818; Anderson v. Creighton, 483 U.S. 635, 641 (1987); Bennett v. City of Grand Prairie, 883 F.2d 400, 408 (5th Cir. 1989).

[18] See Salas v. Carpenter, 980 F.2d 299 (5th Cir. 1992); Elliott v. Perez, 751 F.2d 1472, 1476-79 (5th Cir. 1985).

[19] See Jacquez, 801 F.2d at 791.

[20] See e.g. Wicks v. Mississippi State Employment Services, 41 F.3d 991 (5th Cir. 1995).

[21] See Siegert v. Gilley, 111 S.Ct. 1789, 1793 (1991).

filed for grievances, and a statement of enforcement of tax lien on his house and property. Although it seems that Plaintiff has had an unfortunate medical history, he raises no claims that rise to a constitutional level in which 42 U.S.C. § 1983 damages may be granted. Therefore, this action must be dismissed.

## RECOMMENDATION

For reasons set forth above, Plaintiff's claims should be DISMISSED.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[22]

DONE in Brownsville, Texas this 7th day of March, 2002.

Felix Recio
United States Magistrate Judge

---

[22] See Douglass v. United States Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

6

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROLAND PERRY LOTT, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-010 |
| | § | |
| WAYNE SCOTT, ET AL., | § | |
| Defendants. | § | |

## ORDER

Before the court is the Magistrate Judge's Report and Recommendation in the above-referenced cause of action. After a de novo review of the file,

1. The Magistrate Judge's Report and Recommendation is hereby ADOPTED; and
2. Plaintiff's Complaint for damages pursuant to 42 U.S.C. § 1983 (Docket No. 1) is hereby DISMISSED.
3. Defendant's Motion for Summary Judgment (Docket No. 33) is hereby GRANTED.

DONE in Brownsville, Texas this _____ day of _____, 2002.

_____
Hilda Tagle
United States District Judge

7